**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LARRY LEE JOHNSON,

    Petitioner,

v.                                      Case No. 2:06-CV-10731

BLAINE LAFLER,

    Respondent,
_____/

**ORDER HOLDING MOTION TO DISMISS IN ABEYANCE AND
COMPELLING ANSWER ADDRESSING PETITION'S MERITS**

This matter is before the court on Respondent's motion to dismiss Petitioner's application for writ of habeas corpus for failure to exhaust state court remedies with respect to the second claim contained in his habeas petition. Petitioner has responded to the motion to dismiss by requesting that the petition be held in abeyance pending his return to the state courts so that he can properly exhaust this claim. However, having reviewed the pleadings and the issues raised by Petitioner in his habeas application, the Court finds that an answer addressing the merits of the petition is necessary for the proper adjudication of this matter.

Respondent in this case simply filed a motion to dismiss without addressing the merits of Petitioner's claims. An answer to a habeas petition is not like an answer to a civil complaint. It should respond to the allegations of the habeas petition. *See Ukawabutu v. Morton*, 997 F. Supp. 605, 608-09 (D.N.J. 1998); *see also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996) (a motion to dismiss is generally not the appropriate pleading in response to a petition for writ of habeas corpus; an appropriate response is an answer which responds to each allegation contained in a

habeas petition).  The practice of filing "piecemeal" motions to dismiss "is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, a recently enacted federal statute which gives district courts the discretion to consider and deny unexhausted claims on their merits, 28 U.S.C. § 2254(b)(2), and fundamental principles of efficient case management."  *Ukawabutu,* 997 F. Supp. at 607.  Therefore, unless a federal court grants a respondent leave to file a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits.  *Id.* at 609.  Furthermore, the answer must include relevant documents, such as transcripts, and in this case, Petitioner's full pre-sentence report.  *See id.* (citing Rule 5 of the Habeas Corpus Rules; *Chavez,* 932 F. Supp at 1153).  Accordingly,

IT IS ORDERED that Respondent submit a brief addressing the merits of Petitioner's habeas claims within **28 days** of the date of this order.[1]  Petitioner shall then have **28 days** in which to file any reply to Respondent's supplemental pleading.

IT IS FURTHER ORDERED that Respondent's motion to dismiss [Dkt. # 7] is held in abeyance.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  October 26, 2006

---

[1] The court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition.  *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 26, 2006, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

3