**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

LARRY LEE JOHNSON,

      Petitioner,

v.                                    Case No. 06-CV-10731-DT

BLAINE LAFLER,

      Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,**
**MOTION TO DISMISS AND MOTION FOR STAY AND ABEYANCE**

Petitioner Larry Lee Johnson, presently incarcerated at the St. Louis Correctional

Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction for

second-degree home invasion,[1] and being a fourth felony habitual offender.[2]  For the

reasons stated below, the petition for writ of habeas corpus will be denied**.**

**I.  BACKGROUND**

On April 11, 2003, Petitioner pleaded guilty to second-degree home invasion and

being a fourth felony habitual offender in the Oakland County Circuit Court, as part of a

sentencing agreement pursuant to *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993).  The

trial court judge advised Petitioner of the rights that he would relinquish by pleading

guilty.  The judge explained that the maximum penalty for second-degree home

_____

    [1] Mich. Comp. Laws § 750.110a(3).

    [2] Mich. Comp. Laws § 769.12.

invasion was fifteen years and that the maximum penalty for being a fourth felony habitual offender was life in prison.  The judge specifically advised Petitioner that his sentencing guidelines range was 29 to 114 months, and that he would sentence Petitioner within this range if Petitioner pleaded guilty.  The judge clearly explained that under "the worst case scenario," the judge could sentence Petitioner to 114 months in prison, although the sentence could be less than that.  Petitioner indicated that this was his understanding of the agreement.  The judge also advised Petitioner that any appeal from his guilty plea would not be automatic or by right, but only if the Michigan Court of Appeals were to allow it.  Petitioner acknowledged that no promises other than the ones placed on the record had been made to induce his guilty plea.  Petitioner then pleaded guilty to the offenses.

On July 11, 2003, Petitioner was sentenced to nine to thirty years in prison. Petitioner's conviction was affirmed on appeal.  *People v. Johnson,* No. 256346, slip op. (Mich. Ct. App. Dec. 27, 2004); *leave to appeal denied at* 706 N.W. 2d 20 (Mich. 2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds: (1) The trial court's reliance on erroneous information contained in Petitioner's pre-sentence report violated his right to due process; and (2) Petitioner's plea was involuntary and unknowing as he was not provided accurate information as to the consequences of his sentence, his ability to appeal.

On August 30, 2006, Respondent filed a motion to dismiss the petition on the ground that Petitioner had failed to properly exhaust his second claim with the state courts.  In response, Petitioner filed a motion to hold the petition for writ of habeas corpus in abeyance pending his return to the state courts to properly exhaust his claim.

On October 26, 2006, the court issued its "Order Holding Motion to Dismiss in

Abeyance and Compelling Answer Addressing Petition's Merits."  Respondent complied,

and filed an answer to the petition on November 22, 2006.  Petitioner subsequently filed

a reply to the answer.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect
to any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim–

> (1)   resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or

> (2)   resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362,

405-06 (2000).  An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

When a state court has not articulated its reasoning when denying a constitutional claim, as was the case here, a federal habeas court is obligated to conduct an independent review of the record and applicable law and determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented.  That independent review, however, is not a full *de novo* review of the claims, but remains deferential because a habeas court cannot grant relief unless the state court decision is not in keeping with the AEDPA's strictures. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see also Hastings v. Yukins,* 194 F. Supp. 2d 659, 668 (E.D. Mich. 2002).  Thus, where a state court decides a constitutional issue by form order or without an extended discussion, as was the case here, a habeas court should focus on the result of the state court's decision, applying the aforementioned standard.  *Harris,* 212 F.3d at 943, n.1; *Hastings,* 194 F. Supp. 2d at 668.

### III. DISCUSSION

Respondent initially moved to dismiss the petition on the ground that Petitioner's second claim was not properly exhausted with the state courts, because it was presented for the first time before the Michigan Supreme Court.  In the answer to the petition for writ of habeas corpus, respondent again suggests that the petition for writ of habeas corpus should be dismissed on this basis, although respondent argues in the alternative that the petition should be denied on the merits.

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion

purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Petitioner

failed to present his second claim in his direct appeal with the Michigan Court of

Appeals, his subsequent presentation of this claim to the Michigan Supreme Court did

not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,*

156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001)*.*

The court, however, declines to dismiss the petition on the ground that it

contains an unexhausted claim. A habeas petitioner may not present a "mixed" petition

containing both exhausted and unexhausted claims to a federal court. *Rockwell v.*

*Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). However, a habeas petitioner's failure to

exhaust his state court remedies does not deprive a federal court of its jurisdiction to

consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131

(1987). An unexhausted claim may be addressed if the unexhausted claim is without

merit, such that addressing the claim would be efficient and would not offend the

interest of federal-state comity. *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987);

*see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite

the failure to exhaust state court remedies). In these circumstances, a federal court

should dismiss a non-federal or frivolous claim on the merits to save the state courts

the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F.2d 817,

820 (6th Cir. 1991). Because both of Petitioner's claims lack merit, in the interests of

efficiency and justice, the court will address the claims, rather than dismiss the petition

on exhaustion grounds. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich.

1999).

For similar reasons, the court will deny Petitioner's motion to hold the petition in abeyance so that he can return to the state courts to exhaust his second claim. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, a district court should not grant a habeas petitioner a stay and abeyance in a proceeding involving a mixed habeas petition when the petitioner's unexhausted claims are plainly meritless. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005). Because Petitioner's second claim is plainly meritless, a stay of the current petition is not appropriate. *See Vasquez v. Parrott,* 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005).

## A.  Pre-Sentence Report

Petitioner first contends that the trial court relied on inaccurate information contained within his pre-sentence report concerning the number of Petitioner's prior felony convictions when sentencing Petitioner to 9 to 30 years in prison. The pre-sentence report indicates that Petitioner has eight prior felony convictions, which resulted in seven periods of incarceration, while Petitioner contends that he only has seven prior felony convictions, which lead to only four periods of incarceration.

In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F.2d 343, 345-46 (6th Cir. 1974); *Welch*, 49 F. Supp. 2d at 1007. Where a petitioner fails to demonstrate in his petition that the sentencing court relied upon materially false

information in imposing sentence, the claim is without merit.  *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

In this case, Johnson has failed to show that the sentencing court relied on the allegedly false information–in essence, one additional felony–contained in his pre-sentence report.  In imposing sentence in this case, the trial court indicated that the sentence of 9-30 years was "a very appropriate one in view of your history."  (Sent. Tr. at 6.)  The trial court did not refer to the specific number of prior convictions or periods of incarceration in imposing Petitioner's sentence.  Because the trial court did not indicate that it was sentencing Petitioner because he had eight prior felony convictions, as opposed to only seven prior felony convictions, or because seven, rather than four of those convictions resulted in prison sentences, Petitioner has not established that the sentencing judge relied upon mistaken information concerning the number of his prior convictions when imposing Petitioner's sentence.  *See Hanks v. Jackson,* 123 F. Supp. 2d 1061, 1074-75 (E.D. Mich. 2000).  Moreover, even if the trial court believed that Petitioner had eight prior felony convictions, as opposed to seven, the trial court appears to have been influenced primarily by the fact that Petitioner had an extensive prior criminal record, as reflected in his pre-sentence report, rather than the specific number of prior felony convictions.  Thus, any possible belief by the trial court that Petitioner had eight prior felony convictions, as opposed to seven, would be immaterial for purposes of establishing a due process violation.  *See Murphy v. Risley*, No. 89-35716, 1990 WL 113637, * 1 (9th Cir. Aug. 6, 1990) ("Although the trial judge did miscite the number of [defendant's] convictions . . . we believe that in imposing the sentence the judge was influenced primarily by the fact that [defendant] had multiple

convictions, rather than a watermark number . . . . [T]he trial judge's error was immaterial and . . . no due process violation occurred."). In this case, a finding that the sentencing judge did not rely on inaccurate information about the number of Petitioner's past convictions and prior terms of incarceration "is at least minimally consistent" with the facts of Petitioner's case. *Lechner v. Litscher*, 213 F. Supp. 2d 975, 985 (E.D. Wis. 2002). Therefore, this court cannot grant petitioner habeas relief on his first claim. *Id.*

To the extent that Petitioner is merely contending that the trial court failed to correct the inaccuracies in his pre-sentence report, he would not be entitled to habeas relief on his claim. There is no federal constitutional right to a pre-sentence investigation and report. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001)(internal citation omitted). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Id.* Petitioner's claim that the trial court failed to correct the inaccuracies in his pre-sentence report is not cognizable in federal habeas review because it involves an issue of state law. *See e.g. Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grounds,* 123 F. App'x 607 (6th Cir. 2005). Petitioner is not entitled to habeas relief on his first claim.

## B.  Guilty Plea

Petitioner next contends that his guilty plea was involuntary and unknowing, because he was not fully advised by either the trial court or his trial counsel about the consequences of his sentence or his ability to appeal. Although Petitioner does not

elaborate on this claim in his petition, in his motion for stay and abeyance, Petitioner

claims that he believed that the sentence agreement that he entered into with the trial

court called for him to receive a minimum sentence of 29 months.

A plea of guilty must be knowingly and voluntarily made.  The defendant must

be aware of the "relevant circumstances and likely consequences" of his plea.  *Hart v.

Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991).  The defendant must

also be aware of the maximum sentence that can be imposed for the crime for which

he is pleading guilty.  *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).  When a

petitioner brings a federal habeas petition challenging his plea of guilty, the state

generally satisfies its burden by producing a transcript of the state court proceedings

showing that the plea was made voluntarily.  *Garcia v. Johnson*, 991 F. 2d 324, 326

(6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly

made are generally accorded a presumption of correctness.  Petitioner must overcome

a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption

that his guilty plea, as evidenced by the plea colloquy, is valid.  *See Hastings,* 194 F.

Supp. 2d at 669.  Finally, absent extraordinary circumstances, or some other

explanation as to why defendant did not reveal other terms when specifically asked to

do so by the trial court, a plea agreement consists of the terms revealed in open court,

where the trial court scrupulously follows the required procedure for taking the

defendant's plea.  *Id.* (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

It is only when the consensual character of a guilty plea is called into question

that the validity of a guilty plea may be impaired.  *Mabry v. Johnson*, 467 U.S. 504,

508-509 (1984).  A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises) or by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes).  *Id.* at 509 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)).  A federal court will uphold a state court conviction if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty.  *See Hastings,* 194 F. Supp. 2d at 669.

In the present case, the trial court advised Petitioner of the maximum penalties for the offenses to which he was pleading guilty.  The trial court explained to Petitioner the terms of the sentencing agreement that it had entered into with Petitioner, pursuant to *Cobbs.*  The trial court specifically informed Petitioner that under the "worst case scenario" of the terms of the sentencing agreement, the trial court could sentence Petitioner to 114 months in prison.  Petitioner acknowledged that he understood this to be the case and further denied that any additional promises had been made.  Under the circumstances, the transcript and colloquy clearly establish that Petitioner's plea of guilty was knowingly and intellingently made.  *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005).

To the extent that Petitioner claims that his trial counsel misled him regarding the terms of the sentencing agreement, a state court's proper plea colloquy will cure any misunderstandings that a petitioner may have had about the consequences of the

plea.  *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).  Thus, a claim of ineffective
assistance of counsel predicated on allegedly misleading information given by counsel
about the terms of a plea agreement can never constitute an "extraordinary
circumstance" under *Baker* when the court conducts a proper, clear, and through plea
colloquy.  *Id.; Hastings,* 194 F. Supp. 2d 670.

Finally, although Petitioner claims that he understood the sentence agreement
to guarantee him a minimum sentence of 29 months, habeas relief should not be
granted by crediting a petitioner's subjective version of his understanding of the plea
bargain.  *See Hastings,* 194 F. Supp. 2d at 670 (internal citations omitted).  Petitioner
would therefore not be entitled to the withdrawal of his plea based on any claim that his
attorney gave him erroneous sentencing information where Petitioner was given the
correct sentencing information by the sentencing judge at the time of the plea and
Petitioner expressly denied the existence of other representations or promises.  *See
United States v. Todaro*, 982 F.2d 1025, 1029-30 (6th Cir. 1993); *Hastings,* 194 F.
Supp. 2d 670.

Petitioner further claims, in conclusory fashion, that his plea of guilty was
involuntary because he was never informed of his ability to raise challenges on appeal.
Petitioner does not elaborate what he means by this.  To the extent that Petitioner is
claiming that his plea was invalid because he was not informed that he was giving up
his ability to appeal by right his plea-based conviction, petitioner knowingly and
intelligently waived his right to appeal where the trial court specifically explained the
waiver issue in the plea colloquy and where Petitioner indicated that he understood that
he was giving up his right to appeal his guilty plea.  *See United States v. Cockerham,*

11

237 F. 3d 1179, 1188-89 (10th Cir. 2001); *United States v. Brown,* 9 F. App'x 442, 445

(6th Cir. 2001).  Petitioner is not entitled to habeas relief on his second claim.

## IV.  CONCLUSION

IT IS ORDERED that the Petitioner's February 17, 2006 "Petition for Writ of Habeas

Corpus" [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that Respondent's "Motion to Dismiss" [Dkt. # 7] is

DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Stay and Abeyance"

[Dkt. #14] is DENIED.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, January 29, 2007, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522